Gregg A. Ilardi, Esq. (034751995)
THE LAW OFFICES OF GREGG A. ILARDI, LLC
174 Delawanna Avenue
Clifton, NJ 07014
973-507-7822
Attorneys for Plaintiff, Metropolitan Foods, Inc. d/b/a Driscoll Foods

| METROPOLITAN FOODS, INC. d/b/a DRISCOLL FOODS, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION :PASSAIC COUNTY DOCKET NO. PAS-DC |
|---|---|
| Plaintiff, | |
| v. | CIVIL ACTION |
| JERALD TENENBAUM, | **COMPLAINT, DESIGNATION OF TRIAL COUNSEL** |
| Defendant. | |

Plaintiff Metropolitan Foods, Inc. d/b/a Driscoll Foods ("Driscoll" or "Plaintiff"), by way of Complaint against ("Defendant") alleges as follows:

### NATURE OF THE ACTION

1. Driscoll brings this action against Defendant for monies due and owing, currently $8,617.08 (See Exhibit A) exclusive of counsel fees and court costs, for various food service goods, products and supplies delivered by Driscoll Defendant.

### THE PARTIES

2. Metropolitan Foods, Inc. d/b/a Driscoll Foods is a food service supplier incorporated under the laws of the State of New Jersey. It is authorized to conduct business within the State of New Jersey.

2887183_1

3. Driscoll Foods maintains its principal place of business at 174 Delawanna Avenue, Clifton, New Jersey.

4. Jerald Tenenbaum resides at 221 West 82nd Street, Apartment 2D, New York, NY 10024.

## FACTS COMMON TO ALL COUNTS

5. Driscoll notified Jerald Tenenbaum of his outstanding balance, but Jerald Tenenbaum has improperly failed and refused to pay to Plaintiff the outstanding amount due as set forth above.

6. Driscoll made its deliveries of various food service goods, products and supplies to Jerald Tenenbaum at the direction of Jerald Tenenbaum and for the sole benefit of Jerald Tenenbaum

7. Upon delivering merchandise to Jerald Tenenbaum, Driscoll provided him with an invoice for the items delivered, which included an explanation of the payment terms.

8. Defendant ceased making payments to Plaintiff even though there was an outstanding balance due.

9. At the time of each of the aforementioned deliveries, Plaintiff provided an itemized invoice to Jerald Tenenbaum. He accepted every invoice.

10. Jerald Tenenbaum executed the invoices, indicating that merchandise was received in satisfactory condition.

11. Each Driscoll invoice accepted by Jerald Tenenbaum, states as follows, "[p]urchaser acknowledges receipt, inspection and acceptance of merchandise."

12. Each invoice also states, "[p]urchaser further acknowledges and understands that said acceptance prevents a subsequent rejection of the merchandise for any reason."

13. Each invoice further states in the event legal proceedings become necessary to effectuate collection, "the purchaser shall be responsible for all costs of collection including but not limited to attorney's fees, collection agency fees, court costs, and disbursements."

14. Currently, there is due and owing $8,617.08, exclusive of counsel fees and court costs, by Defendant to Driscoll.

## FIRST COUNT
### Breach of Contract

15. Plaintiff repeats and incorporates the allegations contained in the above paragraphs as if fully set forth herein.

16. Driscoll fully performed its duties and obligations pursuant to the Agreements between itself and Jerald Tenenbaum

17. Jerald Tenenbaum breached his duties and obligations under the Agreement by failing to make the aforementioned payments when due.

18. Driscoll has notified Jerald Tenenbaum of the breaches, and he has failed and refused to remedy said breaches.

19. As a direct and proximate result, Driscoll has incurred and will continue to incur damages.

WHEREFORE, Plaintiff, Metropolitan Foods, Inc. d/b/a Driscoll Foods demands judgment against Defendant, Jerald Tenenbaum for damages, plus accrued interest through the date of entry of judgment, costs of suit, reasonable attorneys' fees and such other relief as the court may deem just and equitable.

## SECOND COUNT
### Book Account

20. Plaintiff repeats and incorporates the allegations contained in the above paragraphs as if fully set forth herein.

21. There is due from Jerald Tenenbaum the sum of $8,617.08, exclusive of counsel fees and court costs. Payment has been demanded and has not been made.

22. As a direct and proximate result, Driscoll has incurred and will continue to incur damages.

WHEREFORE, Plaintiff, Metropolitan Foods, Inc. d/b/a Driscoll Foods demands judgment against Defendant Jerald Tenenbaum for damages, plus accrued interest through the date of entry of judgment, costs of suit, reasonable attorneys' fees and such other relief as the court may deem just and equitable.

## THIRD COUNT
### Account Stated

23. Plaintiff repeats and incorporates the allegations contained in the above paragraphs as if fully set forth herein.

24. Driscoll sues Jerald Tenenbaum for goods sold and delivered and/or services rendered by Driscoll to Jerald Tenenbaum, upon the promise by Jerald Tenenbaum to pay the agreed amount.

25. Payment has been demanded of Jerald Tenenbaum and has not been made.

26. As a direct and proximate result, Driscoll has incurred and will continue to incur damages.

WHEREFORE, Plaintiff, Metropolitan Foods, Inc. d/b/a Driscoll Foods demands judgment against Defendant Jerald Tenenbaum for damages, plus accrued interest through the date of entry of judgment, costs of suit, reasonable attorneys' fees and such other relief as the court may deem just and equitable.

### FOURTH COUNT
### Unjust Enrichment

27. Plaintiff repeats and incorporates the allegations contained in the above paragraphs as if fully set forth herein.

28. Jerald Tenenbaum, by failing and refusing to pay Driscoll the monies due and owing to Driscoll, has been unjustly enriched.

29. Payment has been demanded of Jerald Tenenbaum and has not been made.

30. As a direct and proximate result, Driscoll has incurred and will continue to incur damages.

WHEREFORE, Plaintiff, Metropolitan Foods, Inc. d/b/a Driscoll Foods demands judgment against Defendant Jerald Tenenbaum for damages, plus accrued interest through the date of entry of judgment, costs of suit, reasonable attorneys' fees and such other relief as the court may deem just and equitable.

### FIFTH COUNT
### Promissory Estoppel

31. Plaintiff repeats and incorporates the allegations contained in the above paragraphs as if fully set forth herein.

32. Defendant Jerald Tenenbaum made clear and definite promises, representations and commitments with the understanding and expectation that Driscoll would rely thereon.

33. Driscoll reasonably relied upon the promises, representations and commitments by Jerald Tenenbaum to its detriment.

34. As a direct and proximate result, Driscoll has incurred and will continue to incur damages.

WHEREFORE, Plaintiff, Metropolitan Foods, Inc. d/b/a Driscoll Foods demands judgment against Defendant Jerald Tenenbaum for damages, plus accrued interest through the date of entry of judgment, costs of suit, reasonable attorneys' fees and such other relief as the court may deem just and equitable.

### DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, GREGG A. ILARDI, ESQ., is designated as trial counsel herein.

The Law Offices of Gregg A. Ilardi, LLC
Attorney for Plaintiffs,
Metropolitan Foods, Inc. d/b/a Driscoll Foods

By: _____
GREGG A. ILARDI

DATED: January 24, 2019

## CERTIFICATION

I hereby certify that pursuant to Rule 4:5-1:

(1) The within matter in controversy is not the subject of any other action pending in any other court or arbitration; and

(2) No other action or arbitration proceeding is contemplated; and

(3) No other necessary party to be joined in the subject litigation is presently known.

The Law Offices of Gregg A. Ilardi, LLC
Attorneys for Plaintiff,
Metropolitan Foods, Inc. d/b/a Driscoll Foods

By: _____
GREGG A. ILARDI

Dated: January 24, 2019

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

The Law Offices of Gregg A. Ilardi, LLC
Attorneys for Plaintiff,
Metropolitan Foods, Inc. d/b/a Driscoll Foods

_____
GREGG A. ILARDI

Dated: January 24, 2019